Filed 9/30/20  Hamilton v. SRO Corp. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EUGENE HAMILTON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SRO CORPORATION et al.,<br><br>    Defendants and Respondents. | B301799<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV04839) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark V. Mooney, Judge.  Affirmed.

Eugene Hamilton, in pro. per., for Plaintiff and Appellant.

Berman, Berman, Berman, Schneider & Lowary, Mark E. Lowary, Gina M. Genatempo, for Defendants and Respondents.

_____

Plaintiff and appellant Eugene Hamilton appeals from a judgment of dismissal following an order sustaining a demurrer in favor of defendants and respondents SRO Corporation and Steven Mathis.  The appellant's briefs fail to demonstrate error through coherent argument, including citation to the record and supporting authority.  The appellant has not shown that he can state a cause of action based on premises liability or any other legal theory that would entitle him to relief.  Therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### Allegations of the Amended Complaint

Hamilton filed a complaint on February 14, 2019.  The trial court sustained a demurrer with leave to amend.  On August 9, 2019, Hamilton filed an amended complaint against SRO Corporation and Mathis for negligence, punitive damages under Civil Code section 3294, and intentional infliction of emotional distress as follows.

SRO owned the Leonide Hotel.  In January 2016, Hamilton entered into a lease with SRO to reside at the hotel.  The security surveillance equipment was operational. On November 1, 2018, a fire alarm sounded for three hours because there was no resident manager on duty to silence the alarm and the fire department had to visit to reset the

2

alarm. On November 28, 2017, Hamilton was the victim of a theft from his locker, which he reported to SRO and to the police. On October 10, 2017, Reginald Drummer, who was another resident at the hotel, stole property belonging to Hamilton, which Hamilton reported to SRO.

On October 28, 2018, Drummer committed battery against Hamilton in the outdoor patio area of the hotel. Hamilton was arrested, however, and charged with battery against Drummer. A criminal protective order was filed against Hamilton. Hamilton filed internal complaints about Drummer with Mathis, who was the senior property manager of the hotel. Hamilton's court-appointed attorney served a criminal subpoena on SRO to produce video surveillance of the patio area for October 28, 2018. Mathis responded by withholding evidence and stating that the footage could not be produced because the request exceeded the eight-day time period that the system maintains video footage, after which it records over itself. Hamilton was acquitted as to the charge of battery against Drummer. However, Mathis served a notice to terminate Hamilton's tenancy based on the battery charge against Drummer, in addition to alleging that Hamilton violated a different restraining order. On April 29, 2019, an unlawful detainer eviction was entered against Hamilton and he was removed from the hotel. The defendants' negligence and violation of their duty of care caused Hamilton to be homeless in April 2019, during which time he was assaulted and sustained serious injuries.

The law requires a manager to reside on premises, and the landlord owed a duty of care to a tenant to provide and maintain safe conditions on the leased premises. The security measures taken by the defendants were not reasonable or adequate. SRO and Mathis acted with malice, willful and conscious disregard of Hamilton's rights or safety, and subjected him to cruel and unjust hardship by abandoning the property and their responsibility, culminating in Hamilton's battery, arrest, prosecution, acquittal, eviction, and head injury. The defendants had a duty to maintain the property in a reasonably safe condition, and a statutory duty to employ a resident manager for the 64-unit three story property. Their conduct intentionally inflicted emotional distress that Hamilton suffered from being attacked, arrested, prosecuted, evicted, and injured.

**Further Proceedings**

SRO and Mathis filed a demurrer on the ground that the amended complaint was so uncertain, the defendants could not reasonably respond, and leave to amend should be denied. They argued that the amended complaint failed to allege facts showing defendants breached a legal duty, and Hamilton could not show that defendants were the legal or factual cause of the harm that he suffered. SRO and Mathis also filed a motion to strike portions of the amended complaint. Hamilton filed an opposition to the demurrer. SRO and Mathis filed a reply.

4

A hearing was held on October 15, 2019.  No reporter's transcript or settled statement has been made part of the record on appeal.  The trial court sustained the demurrer without leave to amend and placed a discovery motion off calendar as moot.  Hamilton filed a timely notice of appeal.

## DISCUSSION

On appeal, it is Hamilton's duty as appellant to affirmatively demonstrate error through intelligible argument, supported by citation to the record and any relevant legal authority.  Hamilton has failed to provide coherent argument, supported by specific citations to the record and legal authority, and therefore, he has forfeited his contentions.

### A.  Standard of Review

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. [Citation.]  We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory." (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751–752 (*Scott*).)  Where the trial court sustains a demurrer without leave to amend, the denial of leave to amend is reviewed for abuse of discretion.

(*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Los Angeles Memorial Coliseum Com. v. Insomniac, Inc.* (2015) 233 Cal.App.4th 803, 819.)

"[R]eview is limited to issues which have been adequately raised and briefed." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) "Appealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) "'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United*).) Where the standard of review is abuse of discretion, a transcript or settled statement is in many cases indispensable. (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483 (*Flannery*).)

An appellate court may grant leave to amend in the first instance (see, e.g., *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371), but it is the appellant's burden to state how he could amend the complaint to state a viable cause of action. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890 [the burden to show what facts could be pleaded to state a cause of action if allowed the opportunity to replead "falls squarely on [plaintiff]"]; see also *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 ["The assertion of an

abstract right to amend does not satisfy this burden"]
(*Rakestraw*).)

### B. Failure to State a Claim, Including for Premises Liability

In this case, no legal or factual basis has been presented from which to conclude that the amended complaint states a cause of action for relief or could be amended to do so.  Although we may exercise our discretion to consider arguments for which we can discern a legal or factual basis in the briefs, no such basis is apparent.  "'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.'  [Citations.]  We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.'  [Citation.]"  (*United*, *supra*, 36 Cal.App.5th at p. 153.)

In his appellate briefing, Hamilton simply sets forth general law applicable to negligence, premises liability, intentional infliction of emotional distress, fraud, and obstruction of justice, without any analysis or application to the facts of his case.  He makes no argument to support a contention that the operative complaint makes out any of the named causes of action (i.e., negligence, punitive damages, and intentional infliction of emotional distress).  Rather,

Hamilton's briefs appear to contend that the amended complaint states a cause of action for premises liability, or the trial court abused its discretion by not providing leave to amend to allege a cause of action for premises liability. In either event, Hamilton has not demonstrated reversible error.

"Landowners under California law are required to maintain land in their possession and control in a reasonably safe condition. (*Ann M.* [*v. Pacific Plaza Shopping Center* (1993)] 6 Cal.4th [666,] 674 [(*Ann M.*)].) The underlying principle, set forth in Civil Code section 1714, subdivision (a), is that '[e]veryone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person. . . . .' This rule "'establishes the general duty of each person to exercise, in his or her activities, reasonable care for the safety of others.'" (*Vasilenko v. Grace Family Church* (2017) 3 Cal.5th 1077, 1083 (*Vasilenko*).)" (*Williams v. Fremont Corners, Inc.* (2019) 37 Cal.App.5th 654, 663 (*Williams*).)

"One well-established limit is that there is no duty to act to protect others from the conduct of third parties. [Citation.] In the case of a landlord, however, the general duty of maintenance that is owed to tenants and patrons 'has been held to include the duty to take reasonable steps to secure common areas against foreseeable criminal acts of third parties that are likely to occur in the absence of such

8

precautionary measures.' (*Ann M.*, *supra*, 6 Cal.4th at p. 674.)" (*Williams*, *supra*, 37 Cal.App.5th at pp. 663–664.)

"As explained more fully in *Ann M.*, 'the question of the scope of a landlord's duty to provide protection from foreseeable third party crime . . . is determined in part by balancing the foreseeability of the harm against the burden of the duty to be imposed.' (*Ann M.*, *supra*, 6 Cal.4th at p. 678.) Where ""the burden of preventing future harm is great, a high degree of foreseeability may be required"'" (*ibid.*) but ""where there are strong policy reasons for preventing the harm, or the harm can be prevented by simple means, a lesser degree of foreseeability may be required"'" (*id.* at pp. 678–679). '[D]uty in such circumstances is determined by a balancing of "foreseeability" of the criminal acts against the "burdensomeness, vagueness, and efficacy" of the proposed security measures.' (*Id.* at p. 679.)" (*Williams*, *supra*, 37 Cal.App.5th at p. 664.)

"*Ann M.* illustrates how these principles apply. The plaintiff, an employee at a store in a strip mall shopping center, was raped by an unknown assailant after he entered the store armed with a knife. (*Ann M.*, *supra*, 6 Cal.4th at pp. 670–671.) She alleged that the defendants who owned and operated the shopping center were negligent in failing to provide adequate security to protect her from an unreasonable risk of harm. (*Id.* at p. 672.) The court found that Ann M. had not demonstrated that violent criminal assaults were 'sufficiently foreseeable' to impose a duty upon

9

the shopping center to provide security guards in the common areas.  (*Id.* at p. 679.)  It explained that given the costs of hiring private security guards, 'a high degree of foreseeability' was required to find that the scope of the landowner's duty of care included such measures.  (*Ibid.*)" (*Williams*, *supra*, 37 Cal.App.5th at p. 664.)

"Although Ann M. alleged that previous assaults and robberies had occurred in the shopping center, the court found 'no evidence' that the shopping center 'had notice of these incidents.' (*Ann M.*, *supra*, 6 Cal.4th at p. 679.)  The court reasoned that '[w]hile a landowner's duty includes the duty to exercise reasonable care to discover that criminal acts are being or are likely to be committed on its land' (*ibid.*), the shopping center had demonstrated that it had "'a standard practice . . . to note or record instances of violent crime" and that [its] records contain[ed] no reference to violent criminal acts prior to Ann M.'s rape' (*id.* at p. 680). The court further reasoned that even assuming the shopping center had notice of the previous incidents, they were not similar in nature to the assault that she suffered, and neither did other evidence related to the presence of transients or the statistical crime rate of the surrounding area satisfy her burden.  (*Ibid.*)  The court thus affirmed the grant of summary judgment for the shopping center since it owed no duty to Ann M. to provide security guards in the common areas.  (*Ibid.*)" (*Williams*, *supra*, 37 Cal.App.5th at pp. 664–665.)

"California Supreme Court decisions since *Ann M.* 'expressly reaffirm the sliding-scale balancing formula articulated' by the court for determining when heightened foreseeability is required to impose a special relationship-based duty upon the owner or proprietor. [Citation.] The standard is that 'imposition of a high burden requires heightened foreseeability, but a minimal burden may be imposed upon a showing of a lesser degree of foreseeability.' [Citations.] So '[i]n circumstances in which the burden of preventing future harm caused by third party criminal conduct is great or onerous (as when a plaintiff, such as in *Ann M.*, asserts the defendant had a legal duty to provide guards . . .), heightened foreseeability—shown by prior similar criminal incidents or other indications of a reasonably foreseeable risk of violent criminal assaults in that location—will be required. By contrast, in cases in which harm can be prevented by simple means or by imposing merely minimal burdens, only "regular" reasonable foreseeability as opposed to heightened foreseeability is required.' [Citation.]" (*Williams*, *supra*, 37 Cal.App.5th at p. 665.)

In this case, Hamilton has not explained how the facts alleged in the complaint support a claim for premises liability, and he does not suggest that any additional facts could be alleged to support such a claim. For example, Hamilton alleged that SRO had a duty to provide a resident manager, but has not alleged that SRO had no resident manager on October 28, 2018. In addition, he has not

11

alleged how the presence of a resident manager would have prevented or affected the incident that occurred between residents on the outdoor patio.  Hamilton alleged that SRO and Mathis did not maintain video footage for more than eight days, but has not alleged that they had a duty to maintain video footage for a different and longer period than eight days, or if they did, that such a practice would have prevented or affected the incident between residents. Hamilton did not allege any way in which SRO and Mathis failed to take a particular security measure that would or could have prevented Hamilton's injuries or otherwise addressed a foreseeable risk.  Hamilton further points to no offer made to the trial court, or makes no offer to this court, as to how his complaint could be amended to cure its fatal defects.

For the first time on appeal, Hamilton also raises issues concerning discovery and abuse of process.  The discovery proceedings in this action cannot, however, substitute for alleging a valid cause of action or otherwise form the basis for the action.  No legal error or abuse of discretion has been shown, and the order must be affirmed.

12

## DISPOSITION

The order is affirmed.  Respondents SRO Corporation and Steven Mathis are awarded their costs on appeal.


MOOR, J.

We concur:



BAKER, Acting P. J.



KIM, J.